IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Alfred Pompa,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-02203-PHX-DLR<br><br>**ORDER** |

Plaintiff Alfred Pompa seeks review of the Social Security Administration's decision to deny his application for supplemental security income benefits. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and will uphold the agency's decision unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Pompa argues that, in denying his application, the Administrative Law Judge ("ALJ") failed to adequately account for the limitations assessed by his treating physician, improperly discounted the opinion of a consultative examiner, and rejected his own testimony without adequate justification. Having reviewed the parties' briefs and the administrative record, the Court finds the first issue dispositive and remands for an award of benefits.

Pompa was 51 years old at the time of his hearing before the ALJ. (AR 41.) He has paranoid schizophrenia, did not finish high school, and has engaged in no past

relevant work. (*Id.*) Pompa applied for benefits in June 2013, alleging that his paranoid schizophrenia prevents him from working on a substantial and sustained basis. (*Id.* at 15.)

Pompa received regular mental health treatment for his paranoid schizophrenia from Dr. Suhaila Al Haddad both before and after his onset of disability. Dr. Al Haddad opined that Pompa has moderately severe limitations in his ability to understand, carry out, and remember instructions; respond appropriately to supervision; respond appropriately to co-workers; and respond to customary work pressures. (*Id.* at 500.) According to Dr. Al Haddad, this means Pompa would be off task during 16-20% of an 8-hour workday. (*Id.* at 501.) Dr. Al Haddad emphasized that Pompa "experiences paranoid thoughts that impact his ability to successfully interact with other people," "has difficulty trusting others, even after knowing them for some time," and "struggles to interact with new people, even when he intellectually knows that they should be trustworthy[.]" (*Id.* at 499.)

The ALJ purported to assign "significant weight" to Dr. Al Haddad's opinion. (*Id.* at 21.) Indeed, the ALJ identified no portion of Dr. Al Haddad's opinion that she found incredible, unreliable, or inadequately supported. Based on her written decision, the ALJ appears to have credited the entirety of Dr. Al Haddad's assessment. A vocational expert testified during the hearing that a person with the limitations Dr. Al Haddad assessed would be unemployable. (*Id.* at 71-72.)

Yet, the ALJ concluded that Pompa is not disabled. To get there, the ALJ determined as part of her residual functional capacity ("RFC") assessment that Pompa "can understand, remember, can carry out simple, routine, repetitive tasks, but is limited to isolated work with occasional supervision." (*Id.* at 19.) Though these non-exertional limitations account for Dr. Al Haddad's opinion concerning Pompa's ability to interact with others, it materially deviates from Dr. Al Haddad's opinion that Pompa has moderately severe limitations in his ability to understand, carry out, and remember instructions, and otherwise remain on task. The vocational expert testified that someone

with the less severe limitations the ALJ incorporated into Pompa's RFC could work as a linen room attendant, hand packager, or cleaner, thereby precluding a finding of disability. (*Id.* at 24.)

This incongruity runs afoul of the legal standards established for evaluating medical opinion evidence. A treating physician's opinion generally is entitled to great deference because a treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). An ALJ may reject an uncontroverted treating physician's opinion only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When presented with conflicting medical opinions, the ALJ still must provide "specific and legitimate reasons" before discounting a treating physician's opinion. *Id.* Here, the ALJ claimed to have assigned significant weight to Dr. Al Haddad's opinion and identified no portion that she found not credible yet proceeded to omit material aspects of the opinion from Pompa's RFC. The ALJ's RFC determination and ultimate non-disability finding imply that the ALJ rejected portions of Dr. Al Haddad's opinion, but the ALJ gave no explanation for doing so. This error is not harmless because the vocational expert testified that someone as limited as Dr. Al Haddad opined would be unable to sustain work.

Having determined that the ALJ committed reversible error, the Court has discretion to remand the case for further development of the record or to credit the improperly rejected evidence as true and remand for an award benefits. Under the credit-as-true rule, in deciding whether to remand for an award of benefits the Court considers whether: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Triechler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). All three conditions of the credit-as-true-rule are met here: (1) the ALJ implicitly rejected portions of Dr. Al Haddad's opinion without

providing specific and legitimate reasons, supported by substantial evidence in the record, for doing so; (2) the record has been fully developed, so a reman for further proceedings would not be useful; and (3) based on the vocational expert's testimony, the ALJ would have been required to find Pompa disabled had she credited Dr. Al Haddad's opinion. Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of the Social Security Administration is **REVERSED** and this matter is **REMANDED** for an award of benefits. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 26th day of September, 2019.

Douglas L. Rayes
United States District Judge